## No. 414

18780—Dwight Harrison v. The State of Ohio. Error to the Court of Appeals of Franklin county.

480. EVIDENCE—Depositions of non-resident witnesses, in criminal case, not necessary for application for to show, witness cannot be had at trial.—Act providing for is constitutional.

557. FRAUD—Sufficient in an indictment for making a false financial statement of a company, to say that the same is "false" and "wilfully exagerated" Statement may be oral.

2. In a prosecution under 13175 GC where the issue is whether or not a contract exists, letters, telegrams, etc., between the negotiating parties are not proof and are immaterial to the inquiry.

The real value of the shares of stock about which a false statement is alleged to be made is not in issue, but whether it was less in value than represented to be.

3. Voluntary admissions made by an accused while testifying in a civil suit concerning same matter, competent upon his trial criminally.

MARSHALL, C. J.

1. Sections 13668, 13668-1, 13668-2 General Code, are valid legislative provisions pursuant to the authority conferred by Section 10, Art. 1 of the Ohio Constitution, as amended September 3, 1912.

2. Where an application is made by a prosecuting attorney for an order to take depositions on behalf of the state in a jurisdiction beyond the boundaries of the state, and an order it is not necessary that the application of the court is made upon such application should show or that the order should find that the attendance of the witness cannot be had at the trial. The residence of the proposed witness beyond the jurisdiction of the state dispenses with the necessity of showing that the attendance of the witness cannot be had at the trial.

3. In a prosecution under Section 13175, General Code, an allegation in the indictment that a statement made by the accused is "false" and "wilfully exaggerated" is sufficient to advise the accused of "the nature and cause of the accusation against him."

4. The word "exaggerated" in that section is not vague or uncertain of meaning and is synonymous with "false."

5. It is not necessary, to constitute a violation of Section 13175, General Code, that the "statement" therein referred to should be either written or printed. A false or wilfully exaggerated oral statement is included within the purview of that section.

6. In a prosecution under Section 13175, General Code, where the existence or non-existence of a contract is the issue, letters, telegrams, and other communications and documents passing between parties who are seeking to negotiate such contract, do not tend to prove the existence of such contract, and do not tend to prove the good faith of the accused in representing the existence of a contract, or want of intent on the part of the accused to deceive. All such communications are therefore immaterial to the inquiry.

7. In a prosecution under Section 13175, General Code, the real value of the shares of

## STATE SUPREME COURT—Continued

stock of a corporation, concerning which an alleged false statement has been made, is not in issue. The real issue is whether the stock was less in value at that time than the false statements represented it to be.

8. Upon the trial of an accused under an indictment, testimony of adverse admissions made by the accused under oath while testifying voluntarily in a civil suit concerning the same matters is competent and does not transgress the constitutional prohibition against being compelled in a criminal case to be a witness against himself.

Judgment affrmed.

Matthias, Day, Allen and Kinkade, JJ., concurr.